Mark S. Lee (SBN: 94103)
*mark.lee@rimonlaw.com*
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA   90067
Telephone/Facsimile: (310) 561-5776
Kendra L. Orr (SBN: 256729)
*kendra.orr@rimonlaw.com*
RIMON, P.C.
One Embarcadero Center, Suite 400
San Francisco, CA   94111
Telephone/Facsimile: (415) 683-5472

Bert H. Deixler (SBN: 70614)
*bdeixler@kbkfirm.com*
Sarah E. Moses (SBN: 291491)
*smoses@kbkfirm.com*
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA   90067
Telephone: (310) 556-2700
Facsimile:  (310) 556-2705

Attorneys for Plaintiff NIRVANA, L.L.C.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRVANA L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FISHER, an individual,<br><br>Defendant. | Case No.:  2:20-cv-10324<br><br>**COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. §§ 2201, 2202)** |

Plaintiff Nirvana L.L.C. ("Nirvana"), for its Complaint against defendant Robert Fisher ("Fisher"), an individual, alleges as follows:

## SUMMARY OF ACTION

1.     Twenty-five years after the death of Nirvana band member Kurt Cobain, the person best situated to conclusively refute his recent claims, Defendant Robert Fisher claims to own a copyright interest in a "Smiley Face" design Nirvana first sold as part of "Happy Face" t-shirts in 1991, which Nirvana registered for copyright in 1993.  Merchandise bearing that Smiley Face design has been the band's most popular for years, yet in the 29 years since the design's creation, Fisher never claimed any interest in it.  Instead, in November 2019, Fisher claimed for the first time that he, not Cobain, created the Smiley Face design, and in the spring of 2020, Fisher for the first time began to claim that he, not Nirvana, owned a copyright in that Smiley Face design.  In August 2020, Fisher filed a copyright registration to that effect and he now asserts that Nirvana has been using the Smiley Face design for the past almost three decades under an "implied" license he granted to Nirvana.  Fisher claims he will terminate that "license" effective January 1, 2021, and that any further exploitation by Nirvana after that date will infringe his copyright in the Smiley Face design.  Nirvana seeks declaratory relief establishing that its U.S. copyright in the Smiley Face image and t-shirt design is valid and Fisher's copyright registration is not.

## JURISDICTION AND VENUE

2.     This is a civil action arising under the copyright laws of the United States and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This Court therefore has federal question jurisdiction over this action pursuant to 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and 2201.

3.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) in that, *inter alia*, Plaintiff and Defendant may be found in this District and a substantial portion of the events described took place in this District.

1

**THE PARTIES**

2      4.     Plaintiff Nirvana is, and at all times mentioned herein was, a

3 Washington limited liability company that does business in this District.

4      5.     Defendant Fisher is an individual who resides and does business in this

5 District.

6

**FACTS UNDERLYING THE CONTROVERSY**

7      6.     In April 1991, Kurt Cobain, Krist Novoselic, and Dave Grohl of

8 Nirvana signed a recording agreement with the David Geffen Company ("DGC" or

9 "Geffen"), which is now owned by UMG Recordings, Inc.  Pursuant to that

10 agreement the band recorded an album that was eventually titled "Nevermind" and

11 released to the public in September 1991.

12      7.     Nirvana soon became one of the most famous and influential rock

13 bands in history.  According to *Rolling Stone's* artist biography, "Few bands in rock

14 history have had a more immediate and tangible impact on their contemporary pop

15 musical landscape than Nirvana did in the early Nineties[,]" almost single-handedly

16 popularizing the "alternative rock" and "grunge" musical genres with which they

17 became widely associated.  Nirvana is one of the best-selling rock bands of all time,

18 with more than 75 million records sold worldwide, and was inducted into the Rock

19 and Roll Hall of Fame in 2014.  All of their albums have received awards and

20 accolades.

21      8.     Among the copyrighted works owned by Nirvana is a "Happy Face" t-

22 shirt that includes a "Smiley Face" design and logo on its front.  The Happy Face t-

23 shirt was created in or about July 1991 to promote Nirvana's "Nevermind" album.

24 It was registered for copyright by Nirvana's predecessor Nirvana, Inc. in 1993, and

25 bears Copyright Registration No. VA0000564166.  A true and correct copy of

26 Nirvana's copyright registration for that design and logo, together with a deposit

27 copy of the registered images, is attached as Exhibit 1.

28 //

-2-

COMPLAINT

9.     Nirvana has always believed that Kurt Cobain created that t-shirt in the course and scope of his employment by Nirvana, and said registration identifies Nirvana as the author of the Happy Face t-shirt on a "work-made-for-hire" basis. Kurt Cobain tragically died in 1994.  In 1997, Nirvana, Inc. assigned in writing its copyright in the Happy Face t-shirt that includes the Smiley Face design and logo on its front to Nirvana, a general partnership, and Nirvana, a general partnership assigned in writing its copyright in the Happy Face t-shirt that includes the Smiley Face design and logo on its front to plaintiff Nirvana.

10.     Nirvana's Happy Face t-shirt and the Smiley Face logo from the front of that t-shirt was first licensed for commercial merchandise in or about 1991, and Nirvana or its predecessors have licensed its use continuously since that time. Representations of that copyrighted and licensed Smiley Face design and logo are shown below:



11.     Beginning in or about October 1991 and continuing to the present, Nirvana or its predecessors have licensed its copyrighted Happy Face t-shirt and Smiley Face logo from the front thereof on literally dozens of different t-shirts, shirts, hats, hoodies, bags, backpacks, glasses, wallets, and other items of merchandise, many of which have sold extensively for decades.  Exemplar uses are set forth below:

//

//

//

1
2
3
4
5
6
7

   

8
9
10
11
12
13
14
15

 

16      12.     Nirvana is informed and believes, and on that basis alleges that

17  Defendant Fisher was employed as an art director by Nirvana's record label Geffen

18  in 1991, and that he asked his supervisor at Geffen to be assigned to help Nirvana

19  realize its creative vision and promote its music.  Fisher worked regularly with

20  Nirvana for several years, and following Kurt Cobain's 1994 death, worked

21  intermittently as a graphic artist on various Nirvana-related projects thereafter.

22      13.     Nirvana is informed and believes, and on that basis alleges that

23  beginning in or about 1991 and continuing to the present, Fisher has been and is

24  aware that Nirvana has been continuously exploiting the Happy Face t-shirt and

25  Smiley Face design on the front of that t-shirt on various items of merchandise.  In

26  fact, on or around October 25, 2018, Fisher posted a photo on his Instagram page of

27
28

the Smiley Face t-shirt,[1] the sale of which Fisher surely knew he was not personally benefiting from.

14.     Despite this awareness, Fisher for almost 29 years never objected to Nirvana's exploitation of the Happy Face t-shirt, nor to the exploitation of the Smiley Face design on the front of that t-shirt.  Fisher for almost 29 years never claimed any ownership interest in the Smiley Face t-shirt, nor in the Smiley Face design on the front of that t-shirt—despite being in frequent contact with Nirvana's management team throughout that time.  Fisher, for that matter, never claimed any ownership interest in any other graphic work he created for Geffen in connection with his service for any other artist signed to the Geffen company during the twelve years he worked there or in any other graphic work he created for Nirvana either during or after the time he worked for Geffen.

15.     On or about November 27, 2019, Fisher claimed for the first time that he, not Cobain, created the Smiley Face design.  In the spring of 2020, Fisher through his representatives began claiming for the first time that he, rather than Nirvana, owned a copyright in the Smiley Face design that is on the front of the Happy Face t-shirt design for which Nirvana owns a copyright registration.  On August 10, 2020, Fisher filed a copyright application in which he claimed to own a copyright in the Smiley Face design on the front of Nirvana's Happy Face t-shirt design.  A true and correct copy of Fisher's August 10, 2020 copyright application is attached as Exhibit 2.

16.     Geffen, for its part, has always credited Kurt Cobain with creating the Happy Face t-shirt and Smiley Face design on behalf of Nirvana, and has executed an acknowledgement that grants Nirvana whatever copyright interest, if any, Geffen

---

[1] *See* https://www.instagram.com/p/BpXpbRJHkAh/, last visited November 11, 2020.

had in the Happy Face t-shirt design.  A true and correct copy of that

Acknowledgment is attached as Exhibit 3.

17.    Fisher now claims that Nirvana has exploited the Happy Face t-shirt design since 1991 under an implied license Fisher granted to Nirvana.  Fisher claims he will terminate that implied license effective January 1, 2021, and that any further exploitation by Nirvana after that date will infringe his copyright in the Smiley Face design.

## FIRST CLAIM FOR DECLARATORY RELIEF
### (Against Robert Fisher)

18.    Nirvana realleges and incorporates by reference all of the preceding paragraphs.

19.    Based on the above, Nirvana is informed and believes that Fisher contends that:

a. Fisher created the Smiley Face design that is on the front of the Happy Face t-shirt;

b. Fisher did not create the Smiley Face t-shirt on a "work-made-for hire" basis for his then-employer Geffen;

c. Fisher owns a valid copyright in the Smiley Face design as evidenced in Exhibit 2; and

d. Any exploitation of the Smiley Face design by Nirvana on and after January 1, 2021 will infringe Fisher's copyright in that Smiley Face design.

20. Nirvana disputes Fisher's claims, and contends that:

a. Kurt Cobain created the Happy Face t-shirt and Smiley Face design that is on the front of that t-shirt;

b. Nirvana's predecessor Nirvana, Inc. had a good faith belief that Kurt Cobain did so when it registered the Happy Face t-shirt for copyright in 1993;

c.   Kurt Cobain created the Happy Face t-shirt and Smiley Face design that is on the front of that t-shirt within the course and scope of his employment by Nirvana's predecessor Nirvana, Inc.;

d.   Any role Fisher played in the creation of the Smiley Face design at issue took place within the course and scope of his employment by Geffen, and thus any copyright interest in any such work would have been owned in the first instance by Geffen, not Fisher;

e.   Geffen has acknowledged that Nirvana owns the copyright in the Happy Face t-shirt, which includes the Smiley Face design, and has granted Nirvana whatever rights Geffen possesses in whatever work Fisher did in creating the Happy Face t-shirt and the Smiley Face design on the front of that t-shirt;

f.   Fisher's copyright application attached as Exhibit 2 is invalid and was entered into in bad faith by Fisher to slander and cloud Nirvana's title to its Happy Face t-shirt copyright, so as to secure money from Nirvana that Fisher does not deserve;

g.   Fisher has no valid copyright interest in the Happy Face copyright attached as Exhibit 1, nor in any part thereof;

h.   Nirvana owns a valid U.S. Copyright in its Happy Face design and the Smiley Face design and logo on the front of that t-shirt as shown in Exhibit 1; and

i.   Nirvana's continued exploitation of its Happy Face t-shirt and Smiley Face design on the front of that t-shirt on and after January 1, 2021 will not violate any rights of Fisher.

21.   A genuine controversy exists between Fisher and Nirvana as to whether Nirvana will be violating Nirvana's rights by exploiting the Happy Face t-shirt and the Smiley Face design on the front of the t-shirt on and after January 1, 2021, and

also whether Fisher is slandering Nirvana's title to the Happy Face t-shirt attached as Exhibit 1.

## **PRAYER FOR RELIEF**

WHEREFORE, Nirvana respectfully requests that the Court adjudge that:

1.    Nirvana owns a valid U.S. Copyright in its Happy Face design and the Smiley Face design and logo on the front of that t-shirt as shown in Exhibit 1.

2.    Fisher owns no valid copyright in the Smiley Face design as depicted in the Happy Face t-shirt whose copyright is evidenced in Exhibit 1;

3.    Fisher's purported copyright application and registration in the Smiley Face design attached as Exhibit 2 is invalid;

4.    Nirvana is violating no rights of Fisher through Nirvana exploitation of the Happy Face t-shirt and Smiley Face design on the front of that t-shirt;

5.    Fisher be restrained from;

    a.    Instituting or prosecuting any action or proceeding to enjoin or restrain Nirvana from continuing to promote, license, sell, or otherwise exploit its Happy Face t-shirt design or the Smiley Face design on the front of that t-shirt;

    b.    Obtaining damages from Nirvana for such actions;

    c.    Contacting Nirvana's actual or prospective licensees, business partners or others with whom Nirvana had, has or may have a contractual relationship or other business relationship to claim that Nirvana's Happy Face t-shirt infringes Fisher's rights in any manner;

6.    That Nirvana recover its legal fees and costs of suit herein; and

7.    For such other and further relief as the Court deems just and proper.

//
//
//
//

1  DATED:  November 11, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

RIMON, P.C.
KENDALL BRILL & KELLY LLP


By: /s/ Mark S. Lee

Mark S. Lee (SBN: 94103)
*mark.lee@rimonlaw.com*
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA   90067
Telephone/Facsimile: (310) 375-3811

Bert H. Deixler (SBN: 70614)
*bdeixler@kbkfirm.com*
Sarah E. Moses (SBN: 291491)
*smoses@kbkfirm.com*
KENDALL BRILL & KELLY LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, CA   90067
Telephone: (310) 556-2700
Facsimile:  (310) 556-2705

Attorneys for Plaintiff
NIRVANA, L.L.C.

COMPLAINT